The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner Jr. and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer.
3. The CNA Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $374.80.
5. Plaintiff is alleging an occupational disease that occurred on or about March of 1994, when she developed pain in her left shoulder, TMJ, depression, and nervousness.
6. The Defendant-Employer denied liability in this case.
7. The issue to be determined by the Commission is whether Plaintiff has developed an occupational disease arising out of and in the course of her employment.
********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff worked for Defendant as a typist. Sometime during the month of March of 1994, Plaintiff developed pain in her left shoulder. Shortly thereafter, Plaintiff developed depression, headaches, and a sense of nervousness.
2. In 1986, Plaintiff developed depression after going through a divorce from her first husband.
3. On July 27, 1994, Plaintiff presented herself to Dr. John J. Flynn, a chiropractor, with chief complaints of left neck pain radiating into her left shoulder and left arm. She related that she first noticed these complaints in March of 1994, and her medical doctor had diagnosed her with tendonitis of her left arm and referred her to physical therapy. Dr. Flynn gave conservative treatment to Plaintiff.
4. Dr. Flynn is of the opinion that Plaintiff's neck, shoulder, and arm pain is a direct result of her working posture.
5. Dr. George Moore, Jr., in his letter of October 10, 1995, indicated that he feels that Plaintiff's depression has a direct relation to the problem that she is having on her job and the stress at work. He further indicated that having left that employment, Plaintiff is responding better and improving.
6. Although Plaintiff's problems may be related to her job, Plaintiff did not prove by the greater weight of the evidence that she suffers from an occupational disease under the Workers' Compensation Act.
********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has no disease, and no disability related to causes and conditions which are characteristic of and peculiar to plaintiff's employment with defendant-employer. N.C. Gen. Stat. §97-53(13).
2. Plaintiff is, therefore, entitled to no compensation under the provisions of the North Carolina Workers' compensation Act. N.C. Gen. Stat. § 97-2(6); N.C. Gen. Stat. § 97-53(13).
********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for benefits under the Workers' Compensation Act is HEREBY DENIED.
2. Each side shall pay its own costs.
 S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
LKM/bjp